IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RAY EVANS,

      Plaintiff,                              No. CIV S-06-2439 DFL DAD P

      vs.

A. MALFI, et al.,                        ORDER AND

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion for appointment of counsel.

        The defendants in this action are employees of the California Department of Corrections and Rehabilitation. Plaintiff is informed that the district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A. The court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the plaintiff seeks to proceed in forma pauperis, if the action is

1

frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint may be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Here, plaintiff is confined in California State Prison-Sacramento (CSP-Sac). The defendants are the warden and others employed at CSP-Sac. Plaintiff asserts that he was denied medical and mental health treatment by correctional staff. He alleges that he enjoyed single cell

status at Corcoran State Prison due to a rule violation report issued against him there, but upon his transfer to CSP-Sac on September 8, 2005, he was double-celled him with another inmate. He contends that double-celling is stressful and may lead to an altercation that could be harmful to his health and safety. He further alleges that on May 18, 2006, he prepared a request for medical attention stating that he has a history of hearing voices and is hearing voices telling him to kill his cellmate. He gave the request to medical staff, who passed it on to custody staff. He was placed in administrative segregation, and a rule violation report was issued. Plaintiff believes that custody staff punished him for requesting medical treatment and acted as if they are mental health professionals when they are not. The rule violation charge was later reduced to manipulation of staff, and plaintiff was released from administrative segregation on June 25, 2006. When he was double celled again, he refused to obey the order to enter his new cell and was returned to administrative segregation. Plaintiff seeks damages or an order that he be single celled in administrative segregation on a permanent basis.[1]

Plaintiff alleges that there is a grievance procedure available at the institution, that he filed a grievance concerning the facts relating to his complaint, and that the grievance process had not been completed

> due to the fact that plaintiff has filed two grievances within 4 months (beginning July 4) regarding issues herein. And no response has taken place in a timely manner, as not to circumvent statue [sic] of limitations. The request from the court, is too [sic] consider the pattern of issues and excuse the grievance procedure. Being that it is no fault of plaintiff that the institution refuses to reply.

(Compl. at 2.)

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

---

[1]   Plaintiff's complaint is not signed under penalty of perjury.

3

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).  A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736.  Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).  If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

In the present case, plaintiff's complaint contains a concession to nonexhaustion. The court cannot merely "excuse the grievance procedure," as plaintiff requests, and plaintiff has not alleged facts demonstrating that he submitted proper grievances, complied with all requirements for submitting the grievances, and made appropriate inquiries concerning the status of his grievances.  Plaintiff's application to proceed in forma pauperis should be denied, and this case should be dismissed without prejudice to the filing of a new civil rights action after the grievance process has been completed on all claims alleged in this action.[2]

Plaintiff is informed that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S.

---

[2] A new action brought after exhaustion is complete should not bear the case number assigned to this action.

296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court does not find the required exceptional circumstances in this case.  Plaintiff's motion for appointment of counsel will therefore be denied.

In accordance with the above, IT IS ORDERED that plaintiff's November 3, 2006 motion for appointment of counsel is denied;

IT IS RECOMMENDED that:

1. Plaintiff's November 3, 2006 application to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice for failure to exhaust available administrative remedies before bringing the action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
evan2439.efr